OPINION
{¶ 1} Appellant Isaac Hubbard appeals his conviction and sentence entered in the Stark County Court of Common Pleas on one count of Having Weapons While Under Disability.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On March 27, 2006, around 1:00 p.m., Canton police officers were dispatched to 1425 Fifth Street N.E. with regard to calls received that a man with a gun was menacing people.
 {¶ 4} Several police cruisers arrived briefly but they were initially unable to find the specific house. Once the right house was identified, officers didn't see anyone outside in front of the house. Around the back, they found two individuals coming out of the house. Police spoke with the two men and also with the homeowner, who came to the door. Bystanders indicated that the man with the gun was still in the house, in the basement. The homeowner gave written consent to search the house.
 {¶ 5} The basement of the house is accessed immediately inside the doorway, from an area that was once a porch. The basement is reached via a "trap door" in the floor which leads to a flight of stairs. When police entered the house, the trap door was covered by a rug. Sgt. Frank Love opened the trap door and looked down the steps. It was dark in the basement because all of the windows were covered, requiring officers to use their flashlights even though it was 1:00 in the afternoon. Officers waited for a K-9 officer to arrive before proceeding any further.
 {¶ 6} Upon arrival, the K-9 officer called down into the basement, announcing the arrival of the police and stating that anyone in the basement should come upstairs or a police dog would be released.
 {¶ 7} After the warning was announced, a black male came up the stairs. This individual was identified as Appellant Isaac Hubbard. Police immediately asked Appellant where the gun was, and Hubbard replied that he didn't know what they were talking about. A pat-down search did not reveal any gun. At that time Appellant Hubbard was taken outside and secured in a police cruiser.
 {¶ 8} In the meantime, police continued their search of the basement. Sgt. Love believed that someone else might be in the basement, so he went downstairs to check. Sgt. Love discovered a female in the basement, who was later identified as Stacey Green. Green was laying on a mattress. She yelled, "Don't hurt me, I had nothing to do with it, the gun is in the speaker." Sgt. Love reached inside a speaker box and retrieved a gun.
 {¶ 9} The gun was entered into evidence at trial as State's Exhibit 1. It is a .357 Magnum revolver of unknown brand. When Sgt. Love found the gun, it did not have a trigger lock on, and it was loaded.
 {¶ 10} While Sgt. Love and the K-9 officer investigated inside the house, Ptl. Michael Gary secured Appellant in his cruiser. He advised Appellant that he was being placed under arrest and was advised of the charge. Appellant then told Ptl. Gary that he didn't tell police about the gun immediately when they asked because he has an outstanding warrant for a parole violation.
 {¶ 11} The gun was examined at the Stark County Crime Lab and was determined to be an operable firearm. When the gun was recovered, it was loaded with five (5) .357 magnum caliber Frontier jacketed hollow-point cartridges. The gun was test-fired and was capable of expelling these cartridges.
 {¶ 12} Appellant was charged by indictment with one count of having weapons while under disability, in violation of R.C. § 2923.13(A)(2), a felony of the third degree. The case was assigned to Judge Sara E. Lioi.
 {¶ 13} At his arraignment, Appellant entered a plea of not guilty.
 {¶ 14} Prior to trial, Appellant moved to suppress his statements to officers, and a suppression hearing was held. The trial court overruled the motion to suppress.
 {¶ 15} The parties stipulated that Appellant was previously convicted of attempted robbery in Cuyahoga Common Pleas Court case number CR-90-261591-ZA on April 12, 1991 and that he was under disability at the time he was charged with this weapons offense.
 {¶ 16} The case proceeded to jury trial.
 {¶ 17} Appellant did not call any witnesses or put on any evidence in his defense.
 {¶ 18} At the close of trial, following deliberations, the jury returned a verdict of guilty as charged in the indictment.
 {¶ 19} The trial court sentenced Appellant to a prison term of five (5) years.
 {¶ 20} Appellant now appeals from his conviction and sentence, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 21} "I. APPELLANT'S CONVICTION WAS AGAISNT [SIC] THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 22} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM PRISON TERM UPON APPELLANT."
 I. {¶ 23} In his first assignment of error, appellant argues that his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 24} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 25} In contrast, when reviewing a judgment under a manifest weight standard of review, "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." Thompkins, supra, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E .2d 717.
 {¶ 26} In the case sub judice, Appellant was charged and convicted of one count of Having Weapons While Under Disability, in violation of R.C.2923.12(A)(2), which provides:
 {¶ 27} R.C. § 2923.13 Having weapons while under disability
 {¶ 28} "(A) Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 29} "(1) * * *
 {¶ 30} "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
 {¶ 31} Appellant argues that the evidence did not support that he used, acquired, carried or knowingly possessed the weapons seized.
 {¶ 32} "Possession may be actual or constructive." State v. Ruby,149 Ohio App.3d 541, 2002-Ohio-5381. "When possession is alleged to be constructive, the crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion or control over it." Id., citation omitted. "Constructive possession exists when an individual is able to knowingly exercise dominion or control over an object, even though it is not within his immediate physical possession." Id., at ¶ 36,778 N.E.2d 101, citation omitted. "Circumstantial evidence and direct evidence have the same probative value." Id., citation omitted.
 {¶ 33} In order to "possess" a firearm within the meaning of R.C. § 2923.13(A), a person must have actual or constructive possession of it. State v. Pitts (Nov. 6, 2000), Scioto App. No. 99 CA 2675. Possession of a firearm may be inferred when the defendant has exercised dominion and control over the area where the firearm was found. Id.
 {¶ 34} In the instant case, the homeowner and two other witnesses told police that the person with the gun was located in the basement. (T. at 104, 132). Appellant was, in fact, found hiding in the basement. Only one other person, Stacey Green, was found in the basement. (T. at 107, 109). Stacey Green told the police where the gun was hidden and stated that she had nothing to do with the gun. (T. at 109). Last and most compelling, Appellant himself told police that he did not initially tell police where the gun was because he had an active warrant for a parole violation. (T. at 142).
 {¶ 35} Based on the foregoing, we find the circumstances sufficiently established that Appellant possessed the gun and that the court did not err by denying the motion for judgment of acquittal on the weapons under disability charge.
 {¶ 36} Appellant's first assignment of error is overruled.
 II. {¶ 37} In his second assignment of error, Appellant argues that the trial court erred in sentencing him to the maximum sentence of five (5) years. We disagree.
 {¶ 38} Pursuant to State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra., at paragraph 100.
 {¶ 39} The Supreme Court of Ohio further stated in Foster, supra, that "[o]ur remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely [v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531] prohibits." Id. at paragraph 102. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id . at paragraph 105.
 {¶ 40} The trial court, in the case sub judice, sentenced appellant to a sentence within the statutory range. As noted above, the trial court, in sentencing appellant, was not required to make findings or give its reasons for imposing a maximum sentence.
 {¶ 41} Appellant's second assignment of error is overruled.
 {¶ 42} This cause is affirmed.
Boggins, J., Hoffman, P.J, and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.